## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Adekunle Razaq Adefeyinti (M32077), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 50204 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| Experian Information Solution, Inc., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [5] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.75 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. Summons, however, shall not issue. Plaintiff's complaint [1] is dismissed with prejudice for failure to state a claim. His motion to supplement his complaint [7] is denied. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motions for attorney representation [3] and for service of process at government expense [4] are denied as moot. Final judgment shall be entered. This case is closed. The Court also notes that Plaintiff attached documents to his complaint [1] and to his motion to supplement [7] containing unredacted personal identifiers that should not be made part of the public court file. *See* Fed. R. Civ. P. 5.2. The Clerk is directed to seal the complaint and the motion.

### STATEMENT

Plaintiff Adekunle Razaq Adefeyinti, an Illinois prisoner, initiated this *pro se* lawsuit against Experian Information Solution, Inc., seeking $250,000.00 because, he said, Experian violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et. seq.*, when it failed to send him a copy of his credit report. Plaintiff subsequently received his credit report from Experian but still believes Experian violated the FCRA because he did not receive his credit report quickly enough. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $3.75 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent

of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915(e)(2), the Court may screen a complaint and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's complaint concerns only Experian's purported failure to provide him with a copy of his credit report and is composed largely of language extracted from the FCRA followed by legal conclusions. Indeed, the facts pleaded by Plaintiff show only that (1) he requested a free annual credit report from Experian by letter dated March 14, 2018; (2) he received a letter from Experian on April 14, 2018, requesting additional identifying information; (3) he returned documents to Experian that, he believes, complied with Experian's request; and (4) he received a second letter from Experian requesting the same information it previously requested. (Dkt. 1, pg. 4-5.) Plaintiff then concludes that Experian's failure to fulfil his request for a copy of his credit report demonstrates willful noncompliance with the FCRA. (*Id.*, pg. 6.)

Plaintiff subsequently submitted a "motion to supplement complaint" in which he states that he received a copy of his credit report from Experian. (Dkt. 7, pg. 1.) Rather than voluntarily dismissing the complaint, Plaintiff advises that he wants to proceed with this lawsuit because, he says, Experian's conduct violates the "30 day rule" of "15 U.S.C. § 1681g(e)(1) accordance with paragraph (3)." (Dkt. 7, pg. 2.)

For several reasons, the Court discerns no basis for a claim stemming from Plaintiff's experience with Experian. First, Plaintiff explicitly brings this action under 42 U.S.C. § 1983, but to state a claim for relief under section 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Plaintiff alleged no facts suggesting that his rights were violated by a state actor. Rather, he brings this lawsuit against a private entity, but private entities generally are not subject to section 1983 liability. *See Air Line Pilots Ass'n Int'l v. Dep't of Aviation of City of Chi.*, 45 F.3d 1144, 1149 (7th Cir. 1995) ("[T]he conduct of private parties lies beyond the Constitution's scope.").

Second, even though Plaintiff styled his complaint as an action under section 1983, it is clear that he seeks redress for a purported violation of the Fair Credit Report Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*, which allows individuals to recover actual damages from a consumer reporting agency if the agency willfully or negligently fails to comply with the statute, 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a), as well as statutory and punitive damages under some circumstances, 15 U.S.C. § 1681n(a)(1), (2). By itself, however, an allegation that an entity violated the FCRA is insufficient to establish a right to damages under the FCRA. *See, e.g., Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) (concluding that before a court need address the merits of an allegation that a consumer reporting agency violated the FCRA, the plaintiff must show that he or she suffered actual damages as a result of the purported violation); *Sarver v. Experian Info, Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) ("[T]he FCRA is not a strict liability statute.").

Plaintiff's bald allegation that Experian violated the FRCA also is problematic because, to bring an action in federal court, a plaintiff must first establish standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Standing requires, among other things, an injury in fact that is fairly traceable to the defendant. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). A "concrete injury" is an injury that actually exists and is required even in the context of a statutory violation. *Id.* at 1548-50. Standing is a threshold issue that must be established by the party invoking federal jurisdiction. *Id.* at 1547 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Thus, at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating each element" of standing. *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Plaintiff's complaint contains no facts showing that he sustained an injury as a result of Experian's conduct. Instead, Plaintiff seeks $250,000 merely because Experian did not send him a copy of his credit report quickly enough, in his estimation. But he cannot proceed against Experian absent a concrete injury that is fairly traceable to Experian. *See Spokeo, Inc.*, 136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."); *Meyers v.*

3

*Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 729 (7th Cir. 2016) (holding that "violation of a statute, completely divorced from any potential real-world harm" is insufficient to establish standing); *see also Ruffin-Thompkins*, 422 F.3d at 610-11 (concluding that neither statutory nor punitive damages are available absent actual damages).

Third, even if Plaintiff could establish standing, his claim suffers from a fatal flaw: he received a copy of his credit report from Experian. (*See* Dkt. 7.) Plaintiff seems to intuit that this fact dooms his claim given his newly asserted contention that Experian violated section 1681g(e)(1) of the FCRA when it took more than 30 days to fulfil his request for a copy of his credit report. But this contention does not save his claim. Indeed, it is frivolous.

Section 1681g(e)(1) provides that, within 30 days of a written request from a victim of identity theft (and subject to verification of the identity of the purported victim), a business entity who entered into a commercial transaction for consideration with a person who allegedly made unauthorized use of the identity of another person must provide records of the transaction to the victim and to law enforcement agencies. Here, Plaintiff's complaint concerns his failure to receive a copy of his credit report, not his failure to receive business records documenting a potentially fraudulent use of his identity within the meaning of section 1681g(e)(1). The transaction at issue in this case therefore is not subject to the time limits of section 1681g(e)(1).

Accordingly, Plaintiff's complaint does not state a plausible claim and is dismissed. Because it appears that Plaintiff would not be able to state a valid claim with an amended complaint, the dismissal is with prejudice. Final judgment will be entered. This dismissal counts as a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under section 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

If Plaintiff wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to appeal *in forma pauperis* in this Court that states the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Date: July 27, 2018